UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES JUNIOR BARBER,

    Plaintiff,

v.                                            Case No.:   2:20-cv-54-FtM-38MRM

MEDICAL DEPARTMENT, AMANDA
MILLER, CHERIN ALDENDIOE and
ANNETT ALDERMAN,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is *pro se* Plaintiff Charles Barber's Civil Rights Complaint for review under 28 U.S.C. § 1915(e) (Doc. 1) and motion to proceed to *in forma pauperis* (Doc. 2). Barber is civilly detained at the Florida Civil Commitment Center ("FCCC") and sues Defendants Amanda Miller, Cherin Aldendioe, and Annett Alderman for violating his Fifth, Eighth, and Fourteenth Amendment rights.[2]

This case starts in November 2018 when Barber saw Miller during a sick call. He requested a monthly prescription of medical marijuana for his glaucoma, which Miller denied. (Doc. 1 at 4-5). Barber then filed a grievance against Miller, which was denied by Defendant Chenin Aldendioe, the health services administrator. He appealed to Defendant Annett Alderman, the FCCC's medical secretary, who denied his appeal.

---

[1] Disclaimer:  Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Complaint's caption also lists "Medical Department" as a named defendant.  But Barber does not list any such entity in the "Parties" section of the Complaint nor does he make any allegations against it.  The Court thus dismisses the Medical Department as a defendant.

Through this suit, Barber seeks $2 million plus "a daily or monthly prescription of medical marijuana for [his] glaucoma." (Doc. 1 at 7). Because Barber has moved to proceed *in forma pauperis*, the Court reviews the Complaint under 28 U.S.C. § 1915.

A court must dismiss a case proceeding *in forma pauperis* at any time if it determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). To decide whether a complaint states a claim, courts use the same two-pronged approach for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). First, they parse out allegations that are "mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Then they decide whether the remaining allegations, taken as true, "plausibly suggest an entitlement to relief." *Id.* at 681. Courts also hold *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers" and thus liberally construe them. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citation omitted). But courts neither "serve as *de facto* counsel" nor "rewrite an otherwise deficient pleading in order to sustain an action" for *pro se* litigants. *Id.* at 1168-69 (citation omitted).

The Complaint alleges violations of Barber's Fifth, Eighth, and Fourteen Amendment rights because he was refused medical marijuana for his glaucoma. Even liberally reading the pleading, the Complaint states no claim upon which relief may be granted. To start, Barber has a potential cause of action only under the Fourteenth Amendment. He cannot bring an Eighth Amendment claim because he is civilly detained and not a prisoner. *See Youngberg v. Romeo*, 457 U.S. 307, 312 (1982); *Lavender v. Kearney*, 206 F. App'x 860, 863 (11th Cir. 2006). Nor can he state a claim under the Fifth Amendment because it protects individuals from the federal government, and the FCCC

2

is a state entity. Barber thus can only assert a Fourteenth Amendment due process claim for deliberate indifference to a serious medical need.

To prevail on such a claim, a plaintiff must allege "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon,* 626 F.3d 557, 563 (11th Cir.2010). And deliberate indifference has three components. The plaintiff must show an official's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). Conduct that is more than mere negligence includes grossly inadequate care and a decision to take an easier but less efficacious course of treatment. *Id.*

As to Defendant Miller, the Complaint only alleges that she refused to prescribe Barber medical marijuana. It does not claim she outright refused to treat his glaucoma. To the extent that Barber disagrees with Miller's decision on his medical treatment, such disagreement does not constitute a constitutional violation. *See Whitehead v. Burnside,* 403 F. App'x 401, 403 (11th Cir. 2010) ("A difference in medical opinion does not constitute deliberate indifference[.]"). And although Barber claims he has had glaucoma for twelve years, he does not allege that any medical provider has ever prescribed him marijuana to treat that condition. Also, the Florida Constitution does not require Miller to treat Barber's glaucoma with marijuana. Fla. Const. art. X, § 29(c)(6) ("Nothing in this section shall require any accommodation of any on-site medical use of marijuana in any correctional institution or detention facility."). The Court thus finds that the Complaint

does not state a plausible claim for deliberate indifference against Defendant Miller. But the Court cannot stop there.

The Complaint also names Defendants Alderman and Alendioe because they denied Barber's grievances against Miller. But there are no other factual allegations against them. Nor does the Complaint allege how their denials violated any of Barber's constitutional rights. And even if Barber believes Defendants Alderman and Alendioe somehow mishandled his grievance, "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). The Court thus finds no plausible claim against Defendants Alderman and Aldendioe.

In conclusion, the Court dismisses without prejudice the Complaint. Because of Barber's *pro se* status, however, the Court will allow him to file an amended complaint.

Accordingly, it is now **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice**.

2. Plaintiff Charles Barber may file an amended complaint on or before **May 27, 2020**, that complies with this Order. **Failure to do so will cause the case being dismissed and judgment entered without further notice.**

3. The Clerk is **DIRECTED** to provide Barber a copy of the Court's civil rights complaint form.

**DONE** and **ORDERED** in Fort Myers, Florida this 13th day of May 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

4